IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

RICHARD OJEDA,

      Plaintiff,

v.                                               Civil Action 3:19-cv-00613

DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

The United States Department of Veterans Affairs ("VA" or "Defendant"), moves to dismiss this Freedom of Information Act ("FOIA") action because Plaintiff failed to exhaust his administrative remedies prior to filing suit. In addition, Plaintiff has failed to demonstrate (1) that he is entitled to expedited processing of this proceeding, and (2) that he is entitled to his costs and attorney fees in litigating this action.

## BACKGROUND

### I.      The July 18, 2019 Request

On July 18, 2019, Plaintiff's counsel Ms. Toriseva submitted a  FOIA request via email to the VA FOIA Coordinator ("July 18 Request") seeking the following documents:

> 1) Any and all records relating to the investigation of the unauthorized access of Plaintiff's medical and mental health records by a specific Veteran's Benefits Administration (VBA) employee currently being prosecuted in the United States District Court for the Southern District of West Virginia as Criminal Case No. 3:19-cr-00185;

2) Any and all emails the VBA employee sent to anyone that contained reference to or included any part of Plaintiff's protected and confidential medical and mental health information;

3) Any and all emails forwarded, received, and replied to by the VBA employee that contained reference to or included any part of Plaintiff's protected and confidential medical and mental health information; and

4) Any and all records relating to the identity of any persons, organizations or entities solicited by the VBA employee that received an offer to disclose or a completed disclosure of any of Plaintiff's protected and confidential medical and mental health information.

*See* Ex. 1, Decl. of Ruth Gowins-Bellamy ("Bellamy Decl.") at ¶ 5; Ex. 2, July 18 Request.[1]

The VA timely responded to the July 18 Request via letter dated July 26, 2019 ("July 26 Response"), informing Plaintiff's counsel that the requested records were prohibited from disclosure without prior written consent from the subject of the records.  *See* Ex. 1, Bellamy Decl. at ¶ 5; Ex. 3, July 26 Response.  The VA further requested that Plaintiff's counsel provide the VA with a signed authorization and proof of identification from the Plaintiff. *Id.*

On July 26, 2019, Plaintiff's counsel submitted to the VA via email documentation that they may have believed was sufficient to meet the VA's proof of identity and authorization requirements.  *See* Ex. 1, Bellamy Decl. at ¶ 6; Ex. 4, July 26 Documentation.

On August 8, 2019, the VA informed Plaintiff's counsel via letter ("August 8 Response") that the documentation provided on July 26, 2019, was not sufficient to meet the VA's signed authorization and proof of identification requirements. *See* Ex. 1, Bellamy Decl. at ¶ 7; Ex. 5,

---

[1] Plaintiff's counsel sent another FOIA request, dated July 22, 2019, to the VA via regular mail, which requested the same records sought in the July 18 Request and which was received by the VA on July 26, 2019. While the Complaint references the July 22 mailed request, the VA uses the July 18 date of the electronically submitted FOIA request because that is the date of the request specifically referenced in the VA's July 26, 2019 initial response.  *See* Ex. 1, Bellamy Decl. at n. 1.

August 8 Response.  The August 8 Response further informed Plaintiff's counsel that because the July 18 Request did not meet the requirements of a "proper" FOIA request, the request was being closed without further action. *Id.*  The August 8 Response further advised Plaintiff's counsel that if she chose to file a new request, her client's signature, as well as a copy of her client's driver's license, would be needed to meet the VA's signed authorization and proof of identification requirements. *Id.*  The August 8 Response concluded by indicating that Plaintiff had the right to file an administrative appeal of the VA's determination to the July 18 Request. *Id.*

The VA has no record of ever receiving an administrative appeal of the VA's closure of the July 18 Request. *See* Ex. 1, Bellamy Decl. at ¶ 8.

## II.     The August 13, 2019 Request

On August 13, 2019, a VA attorney contacted Plaintiff's counsel via telephone to explain what documentation was needed to sufficiently meet the VA's authorization and proof of identification requirements. *See* Ex. 1, Bellamy Decl. at ¶ 9.

After speaking with the VA attorney, Plaintiff's counsel submitted another FOIA request on behalf of Plaintiff via email to the VA on August 13, 2019 ("August 13 Request"),[2] and also provided documentation that satisfied the VA's authorization and proof of identification requirements (specifically a written authorization signed by Plaintiff and a copy of Plaintiff's driver's license). *See* Ex. 1, Bellamy Decl. at ¶ 10; Ex. 6, August 13 Request.

On August 14, 2019, the VA informed Plaintiff's counsel via letter ("August 14 Response") that it was in receipt of the August 13 Request. *See* Ex. 1, Bellamy Decl. at ¶ 11; Ex. 7, August 14 Response.  The August 14 Response further informed Plaintiff's counsel that: 1) the August 13

_____

[2] The August 13 Request sought the same records requested in the July 18 Request.

Request was assigned a new tracking number; 2) the VA received the August 13 Request on August 13; and 3) the VA was processing the request and its response "will be forthcoming". *Id.*

On August 15, 2019, Plaintiff's counsel, via email, contacted the VA attorney to inquire about the VA's estimated date of response to the August 13 Request. *See* Ex. 8, August 15-19, 2019 Email Chain. Plaintiff's counsel indicated that it had been approximately 28 days since the July 18 Request had been submitted. *Id.* The VA attorney responded to Plaintiff's counsel's email on August 19, 2019, informing Plaintiff's counsel that the VA anticipated providing a response to Plaintiff's August 13 Request by September 5, 2019, which was within the 20-day statutory time period. *Id.*

That same day, Plaintiff's counsel emailed the VA attorney expressing concern with the amount of time taken to process Plaintiff's FOIA request and inquired as to whether the request could be expedited. *Id.* The VA attorney responded to Plaintiff's counsel's email on August 19, explaining to Plaintiff's counsel that the July 18 Request had been closed due to the insufficient authorization and proof of identity documents originally provided, that the VA was processing Plaintiff's August 13 Request, and that the VA would respond to Plaintiff's August 13 Request within the 20-day statutory time period. *Id.*

The VA timely responded to the August 13 Request via letter dated August 28, 2019 ("August 28 Response"). *See* Ex. 1, Bellamy Decl. at ¶ 13; Ex. 9, August 28 Response. The August 28 Response was delivered to Plaintiff's counsel via UPS on August 30, 2019. *See* Ex. 1, Bellamy Decl. at ¶ 13; Ex. 10, UPS Proof of Delivery.  The August 28 Response included a redacted copy of records responsive to the August 13 Request, [3] along with explanations regarding why certain

---

[3] The August 28 Response attached as Exhibit 9 to this Motion does not include the redacted copy of responsive records that were produced with the August 28 Response because the production contains confidential medical information of the Plaintiff. If the Court desires, the VA can submit this production to the Court for *in camera* review or file under seal.

portions of the requested documents were being withheld pursuant to specific exemptions under the FOIA. *See* Bellamy Decl. at ¶ 13; Ex. 9, August 28 Response. The August 28 Response concluded by advising that Plaintiff had the right to file an administrative appeal of the VA's determination to the August 13 Request. *See id.*

The VA has no record of ever receiving an administrative appeal of the VA's denial of Plaintiff's request for expedited processing or of the VA's response to the August 13 Request. *See* Ex. 1, Bellamy Decl. at ¶ 14.

**III.     Plaintiff's Filing of This Civil Action**

Plaintiff filed this civil action against the VA on August 22, 2019.

**STANDARDS OF REVIEW**

**I.     FRCP Rule 12(b)(1)- Lack of Subject Matter Jurisdiction**

Federal courts are "courts of limited jurisdiction" with "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "It is to be presumed that a case lies outside this limited jurisdiction" until the party asserting jurisdiction demonstrates otherwise. *Id.* If a pleading does not allege facts sufficient to establish subject matter jurisdiction, the case should be dismissed under Fed. R. Civ. P. 12(b)(1).

A motion to dismiss under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). *See also Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999).

## II.      FRCP Rule 12(b)(6) – Failure to State a Claim/FRCP Rule 56 – Summary Judgment

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). A motion to dismiss under Rule l2(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider the complaint and its allegations in the light most favorable to the non-moving party, and a court must grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

In ruling on a 12(b)(6) motion, if the court needs to consider facts outside the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to the motion." Fed. R. Civ. P. 12(d).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir.2010) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party is "entitled to judgment as a matter of law" when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial. *Id.*

## ARGUMENT

### I.  The Complaint Must Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies Before Filing the Complaint.

Exhaustion of administrative remedies under FOIA generally is required before filing suit in federal court. *See, e.g., Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995) ("[A] requester may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies"); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts"); *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987)  ("It goes without saying that exhaustion of administrative remedies is required in FOIA cases."); *Judicial Watch v.*

*U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001) ("It is well settled that full and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA.").

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies. *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir. 1969). Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, courts have held that the lawsuit is subject to dismissal for lack of subject matter jurisdiction. *See, e.g., Trenerry v. I.R.S.,* 78 F.3d 598, *1 (10th Cir. 1996) (unpublished); *In re Steele*, 799 F.2d 461 (9th Cir. 1986); *Reisman v. Bullard*, 14 Fed. Appx. 377, 379 (6th Cir. 2001) (unpublished); *Schwarz v. Federal Bureau of Investigations*, 31 F. Supp. 2d 540, 542 (N.D. W. Va. 1998); *Kemmerly v. U.S. Dep't of Interior*, 430 F. App'x 303, 303 (5th Cir. 2011) (unpublished).

Additionally, courts have also held that a FOIA plaintiff's failure to exhaust administrative remedies is also grounds for dismissal under FRCP Rule 12(b)(6) for failure to state a claim. *See Scherer v. Balkema,* 840 F.2d 437, 443 (7th Cir. 1988) (ruling that plaintiff failed to state claim when he failed to allege exhaustion of administrative remedies under FOIA); *Riggleman v. Deppne*r, No. 2:13-CV-22194, 2013 WL 6409797, at *5 (S.D. W. Va. Dec. 9, 2013) ("In the absence of allegations indicating that a plaintiff has attempted to exhaust his administrative remedies, a Complaint under 5 U.S.C. § 552(a)(4)(B) fails to state a claim upon which relief can be granted."); *Glazebrook v. Inmate Grievance Procedure Records Adm'r,* No. CA–94–893 (W.D. Va. Dec. 6, 1994), *aff'd* 60 F.3d 821, (4th Cir. July 10, 1995).

A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA and the agency's published regulations, including: 1) failure to administratively appeal a denial of information, *Oglesby v.*

*U.S. Dept. of the Army*, 920 F.2d 57 (D.C. Cir. 1990); and 2) failure to make a proper FOIA request, *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) ("Where a FOIA request is not made in accordance with the published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as the failure to comply with an agency's FOIA regulations for filing a proper FOIA request is the equivalent of a failure to exhaust.") (internal quotations and citation omitted).

"FOIA requires the requester to follow each agency's rules for requesting, reviewing and paying for documents." *Pollack v. Dept. of Justice*, 49 F.3d 115, 119 (4th Cir. 1995); *see also* 5 U.S.C. § 552(a)(3)(B). The VA's published regulations setting forth the procedures that one must follow in making a FOIA request can be found at 38 C.F.R. Part 1. These regulations provide that for VA records to be disclosed under FOIA, a written request for the records must be made. 38 C.F.R. § 1.554. If a request for records is denied, in any respect, the person making the request may, within 90 days of receipt, appeal the denial to VA's appropriate office. 38 C.F.R. §§ 1.557 and 1.559. If the requester remains dissatisfied with the decision on appeal, he or she may file a civil action in federal district court. 38 C.F.R. § 1.559.

Plaintiff's July 18 Request, submitted through counsel, failed to comport with the VA's FOIA regulations. Pursuant to 38 C.F.R. § 1.554(c), "[i]f the requester is seeking records pertaining to another individual under the FOIA . . . the requester may obtain greater access to the records if he or she provides satisfactory authorization to act on behalf of the record subject to receive the records." VA FOIA regulations further provide that the "VA has discretion to require that a requester supply additional information to verify that a record subject has consented to disclosure." *Id*. "The requester must meet all of the requirements of this section in order for the request to be perfected." 38 C.F.R. § 1.554(f).

9

In timely responding to Plaintiff's July 18 Request, the VA informed Plaintiff's counsel that Plaintiff's signed authorization and proof of identification were required for processing. *See* Ex. 3, July 26 Response. While Plaintiff, through counsel, did provide the VA with documentation that Plaintiff may have believed to be adequate to perfect the request, the VA ultimately closed the July 18 Request because the provided materials were insufficient to authorize disclosure of the requested records. *See* Ex. 5, August 8 Response. Plaintiff did not exhaust his administrative remedies concerning the July 18 Request because he failed to make a proper FOIA request. *See id*. Moreover, Plaintiff did not exhaust his administrative remedies for the July 18 Request because he did not appeal the VA's response. The August 8 Response explicitly advised Plaintiff of his appeal rights and the appeal procedures. *See id*. Despite this, the VA has no record that the Plaintiff has ever filed an administrative appeal of the VA's closure of the July 18 Request. *See* Ex. 1, Bellamy Decl. at ¶ 8.

Regarding the Plaintiff's August 13 Request, the VA timely responded with its August 28 Response. *See* Ex. 1, Bellamy Decl. at ¶ 13; Ex. 9, August 28 Response. Plaintiff was explicitly advised of his appeal rights and the appeal procedures in the August 28 Response. *See id.* However, the VA has no record that the Plaintiff has ever filed an administrative appeal concerning the VA's denial of Plaintiff's request for expedited processing or of the VA's response to the August 13 Request. *See* Ex. 1, Bellamy Decl. at ¶ 14. Due to his failure to file an administrative appeal, Plaintiff did not exhaust his administrative remedies for the August 13 Request.

Plaintiff's filing of the instant civil action on August 22, 2019, was clearly premature. Pursuant to the exhaustion requirements under FOIA and VA regulations, Plaintiff, before filing the Complaint, was required to administratively appeal the VA's decisions in accordance with the appeal rights set forth in VA's determinations. *See* 5 U.S.C. § 552(a)(6)(A)(ii); 38 C.F.R. §

1.559(f) (requester must first appeal the adverse determination in accordance with this section before seeking review by a court). Accordingly, Plaintiff's FOIA claims are subject to dismissal for his failure to exhaust his available administrative remedies, be it for lack of subject matter jurisdiction, for failure to state a claim, or as a matter of law.

## II.     Plaintiff Has Failed to Show Cause Warranting Expedited Proceedings.

In the "Requested Relief" section of the Complaint, Plaintiff requests that the Court "[p]rovide for expeditious proceedings in this action". ECF 1, Complaint at p. 7. To the extent that Plaintiff is making a request for expeditious proceedings under 28 U.S.C. § 1657, such request should be denied. A plaintiff is entitled to expeditious proceedings only "if good cause therefor is shown." 28 U.S.C. § 1657(a). A plaintiff can establish good cause by showing that "a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* District courts are not required to expedite a FOIA proceeding, but have discretion to determine the need for expedited processing on a case-by-case basis. *See Freedom Commc'ns. Inc. v. FDIC*, 157 F.R.D. 485, 486-87 (C.D. Cal. 1994) ("The [Federal Civil Priorities Act] grants a court wide discretion to organize its docket.").

The Complaint is devoid of any factual contention that Plaintiff's request for expedited consideration has merit. The factual allegations in the Complaint have failed to raise a reasonable inference that there is good cause for the Court to proceed more expeditiously than it already does in the course of business. Further, as described above, Plaintiff has failed to exhaust his administrative remedies as to his FOIA requests. It is inapposite that Plaintiff would be entitled to expedited proceedings to access records for which he has not exhausted his administrative remedies. Therefore, any request by Plaintiff for expediting these proceedings should be denied.

### III.     Plaintiff is Not Entitled to Costs or Attorney Fees.

The FOIA provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). A complainant has substantially prevailed if he "has obtained relief through either — (I) a judicial order or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552 (a)(4)(E)(ii). As described above, the Plaintiff's claims require dismissal due to his failure to exhaust administrative remedies, and as a result, Plaintiff cannot possibly substantially prevail in this FOIA action. Consequently, Plaintiff's request for costs and attorney fees incurred in this action should be denied.

### CONCLUSION

Based on the above, the VA respectfully requests that this Court grant its motion and dismiss Plaintiff's Complaint.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

**s/ Jennifer M. Mankins**
Jennifer M. Mankins (W.Va. Bar No. 9959)
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Phone: 304-345-2200
Fax: 304-347-5443
Email: jennifer.mankins@usdoj.gov
*Counsel for Defendant*