# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

RICHARD OJEDA, individually,

        Plaintiff,

v.                          CIVIL ACTION NO. 3:19-0613

DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This dispute arises from two separate Freedom of Information Act (FOIA) requests filed by Plaintiff Richard Ojeda. Ojeda filed the first request on July 22, 2019, but the VA deemed the request insufficient and closed it. ECF No. 7-1, at 8–10, 20–21. Ojeda submitted a second FOIA request on August 13, 2019. *Id.* at 23–30. The VA responded within the 20-day statutory period by producing redacted records along with explanations for withholding certain documents under FOIA's exemptions. *Id.* at 39–41. In October 2019, Ojeda filed suit seeking the release of records withheld by the VA. ECF No. 1. The VA now moves to dismiss the Complaint, or, in the alternative, for summary judgment, because Ojeda failed to exhaust his administrative remedies. ECF No. 7. Ojeda did not file a response.

As the VA argues, FOIA requires exhausting administrative remedies before seeking judicial review. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). And, the VA's regulations require a FOIA requester to appeal an adverse determination before filing in federal court. 38 C.F.R. § 1.559(f). Ojeda does not dispute that he failed to appeal the adverse determinations. Therefore, dismissal of

Ojeda's Complaint for failure to state a claim is appropriate. *See Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988) (ruling that the plaintiff failed to state a claim when he failed to allege exhaustion of administrative remedies under FOIA); *Riggleman v. Deppner*, No. 2:13-CV-22194, 2013 WL 6409797, at *5 (S.D.W. Va. Dec. 9, 2013) ("In the absence of allegations indicating that a plaintiff has attempted to exhaust his administrative remedies, a Complaint under 5 U.S.C. § 552(a)(4)(B) fails to state a claim upon which relief can be granted.").

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 7, and **DISMISSES** Ojeda's Complaint. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 25, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE